IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER NO.  13 |
| | : |
| EDWARD L. SPANN IV, | : CASE NO. 24-13884 PMM |
| | : |
| DEBTOR, | : |
| | : |
| PENNSYLVANIA DEPARTMENT | : HEARING DATE AND TIME |
| OF REVENUE, | : February 6, 2025 @ 9:30 a.m. |
| | : |
| MOVANT, | : |
| | : |
| V. | : |
| | : |
| EDWARD L. SPANN IV, | : |
| | : |
| RESPONDENT, | : RELATED TO DOCKET NO. 16 |

PENNSYLVANIA DEPARTMENT OF REVENUE'S
OBJECTION TO DEBTOR'S PROPOSED CHAPTER 13 PLAN

NOW COMES the Commonwealth of Pennsylvania, Department of Revenue (hereinafter "Department"), by and through its Office of Chief Counsel and Deputy Chief Counsel Jonathan W. Chatham, and files this Plan Objection as authorized by 11 U.S.C.§ 1324 for the following reasons to wit:

1.      This Objection is made on the grounds that the Plan does not comply with the provisions of Chapter 13, nor has the Plan been proposed in good faith as required by 11 U.S.C. § 1325(a)(1), and (3).  The Debtor's obligation pursuant to 11 U.S.C. § 1322(a)(2), to provide for full payment of all claims entitled to priority under 11 U.S.C. § 507 has not been met, nor has Debtor provided for full payment of the Department's claims entitled to secure status under 11 U.S.C. § 506 as required by 11 U.S.C. § 1325(a)(5).

2.      According to Department records, these returns still have not been filed.  More specifically, Debtor has the following unfiled returns: Personal Income Tax (XXX-XX-5247) for

tax years 2022.  Pursuant to the provisions of Title 11 U.S.C. § 1308(c), Debtor's proposed plan

is not confirmable unless all the tax returns are filed and all tax principal and prepetition

statutory interest amounts arising from such late-filed returns are added as additional unsecured

priority state tax claims within the context of Debtor's amended Chapter 13 plan.  If not, no

proposed plan should be confirmed pursuant to 11 U.S.C. §§ 1308 and 1322.

3.      Debtor identified they are a principal for "Victor 360 Capital LLC"

(XX_XXX6107) A review of the Department's returns indicate there are no tax returns of record

for this business and the Department needs more information regarding its formation and mode

of operations to identify what additional tax obligations may exist. As the principal of this

business, Debtor has a fiduciary obligation to account for its tax compliance, and Debtor's PIT

compliance cannot be considered complete or compliant until these activities are reported,

reviewed, and verified under the Bankruptcy Code as well as the Commonwealth's tax statutes.

4.      Without the filing of the outstanding tax returns the Department cannot file a

complete and liquidated claim against the Debtor, and the missing tax returns constitute priority

tax claims which must be paid in full pursuant to 11 U.S.C § 1322.

5.      The Department's Proof of Claim, containing a priority tax claim in the amount of

$10,279.68 and a priority tax claim in the amount of $15,970.36 is not specifically treated within

the Debtor's proposed Chapter 13 Plan in the proper classification or amounts.  The

Department's claim is docketed on the claims register and is identified as Docket 8.

6.      As unfiled returns exist, it is not possible for the Department to determine a

complete, accurate, and proper claim amount.

7.      It is unclear how the Debtor intends to provide for the full payment of the

Department's secured claim.  The Plan should provide for the full payment of the Department's

2

secured claim along with accrued interest in the amount of seven (7%) percent.  It appears that

the Debtor(s) may be attempting to avoid the Department's tax lien(s).

       a.       If the validity of a lien is in question, a Motion to Determine Secured Status under

11 U.S.C. § 506(a), must be commenced.  See; Fed. R. Bankr. P. 4003(d) which provides that

"[a] proceeding by the debtor to avoid a lien ... shall be by motion in accordance with Rule

9014."  11 U.S.C. § 506 determines the amount of a secured claim but does not govern the actual

allowance or disallowance of a claim.

       b.       In order to determine the validity, priority, or extent of a lien or other interest in

property, the Debtor is required to commence an adversary proceeding under Fed. R. Bankr. P.

7001(2).

       c.       Accordingly, the Debtor cannot on their own determine the secured status of the

Department's lien.  In re Kressler, 252 B.R. 632 (Bankr.E.D.Pa. 2000).

       8.       Pursuant to 11 U.S.C. § 1308, the Debtor should be required to file all outstanding

tax returns at the following address:

Pennsylvania Department of Revenue
Office of Chief Counsel
P.O. Box 281061
Harrisburg, PA 17128-1061
Attn: Phil Kilmer IV

Please make sure that the tax returns are signed, dated, and W-2 forms and Schedule Cs

are included, if appropriate.

       9.       Based upon Title 11 U.S.C. §§ 1308 and 1325, this post-October 17, 2005,

Chapter 13 proposed plan may not be confirmed by this Court because of the Debtor's failure to

file pre-petition state tax returns, as referenced above, or to provide the Department with any

evidence or documentation to support why such returns need not be filed.

3

10.     After all outstanding returns have been filed and an appropriate proof of claim can be filed by the Department, the Department believes there will be sufficient assets for the Department's liens to attach to Debtor's personal property.  Nonetheless, in the event the Debtor does not have sufficient property for the Department's liens to attach to, the Department is amenable to reclassifying its claims into appropriate classifications as may be.

11.     Providing for the full payment of the Department's claim would assist the Court, the Trustee, the Debtor, and the other creditors in determining the viability of the Plan.

12.     The Department also objects to the confirmation of Debtor's Plan on the grounds that the Plan is underfunded.

13.     Ultimately, the Department must object to the Debtors' instant Plan because it is not proposed in good faith and in compliance with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, the Department respectfully requests this Honorable Court deny confirmation of the Debtors' Proposed Chapter 13 Plan unless and until the Department's Objections have been cured and an amended plan is filed that accounts for the Department's claim(s) in the proper classification and amount.

DATED:  February 3, 2025                    By:     /s/ Jonathan W. Chatham
                                                    Deputy Chief Counsel
                                                    PA Department of Revenue
                                                    Office of Chief Counsel
                                                    P.O. Box 281061
                                                    Harrisburg, PA 17128-1061
                                                    PA Attorney I.D.:  209683
                                                    Phone: (717) 783-3673
                                                    Facsimile: (717) 772-1459